IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD BRUCE RAYNOR, #133609   *
     Petitioner
   v.          * CIVIL ACTION NO.  AMD-08-3355

BOBBY SHEARIN, et al.      *
     Respondents
           ***

MEMORANDUM

This petition for habeas corpus was filed be Donald Bruce Raynor ("Raynor"), a Maryland inmate at the Western Correctional Institution.  Although filed on 28 U.S.C. § 2254 habeas forms, the action was construed as a 28 U.S.C. § 2241 habeas petition challenging the interpretation and calculation of Raynor's state sentence.

Raynor claims that his sentence for assault on a corrections employee, imposed in the Circuit Court for Washington County on June 9, 1981, was improperly ordered to run consecutively to all other outstanding sentences. He asserts that at the time the sentence was imposed, he was serving distinct sentences of seven, one, and 21 years, the first of which commenced on December 5, 1974. Raynor contends that under the applicable state statute, the 1981 sentence for assault must run consecutively only to his original sentence, and the Division of Correction's contrary interpretation runs afoul of the *Ex Post Facto Clause*.[1]

Respondents were ordered to file an answer to the petition and have done so.  Raynor has filed a motion for summary judgment, which in effect only challenges the numerous extensions sought by and granted to respondents.

---

[1]Raynor relies on Md. Code Ann., Art. 27 § 11E, which provides that:
> Every inmate convicted of assault on an employee of the Division of Correction, the Patuxent Institution, the Baltimore City Jail, or any county jail or detention center, regardless of employment capacity, shall be sentenced to a sentence to run consecutive to the sentence under which the inmate was originally confined and the sentence may not be suspended.

In their answer, respondents argue that the petition should be denied and dismissed because it is untimely, presents no issue of federal law, and the state's adjudication of petitioner's claims was not contrary to and did not involve an unreasonable application of clearly established federal law. According to respondents, Raynor was sentenced in the Circuit Court for Prince Georges County, Maryland on May 12, 1975, to a four-year term for storehousebreaking that commenced on December 9, 1974, and to two 18 month sentences on counts of housebreaking and larceny under $100.00.  Paper No. 12, Exs. 2 & 3.  The first 18 month sentence was to run consecutive to the four-year storehousebreaking sentence and the second 18 month sentence was to run consecutive to the first 18 month term. The maximum expiration date for this aggregate seven year sentence was December 9, 1981.

On August 26, 1979, Raynor escaped from the DOC.  He was returned 66 days later, on October 31, 1979.   On February 13, 1980, the Circuit Court for Anne Arundel County imposed a one year sentence on Raynor's escape conviction "consecutive to any sentence(s) now being served."  *Id*., Ex. 4.  Respondents state that pursuant to the language of the commitment, the DOC applied the new one year sentence to the term being served at the time of its imposition or the first 18 month sentenced imposed in 1975 that expired on June 9, 1980.  This resulted in a June 9, 1981, expiration date for the one year sentence. *Id*., Ex. 3.

Apparently, while out on escape, Raynor committed several new offenses and was convicted of two counts of robbery with a deadly weapon and one count of use of a handgun.  On February 27, 1980, the Circuit Court for Prince George's County imposed two 20 year sentences on the robbery counts, to run concurrently to each other, and a 15 year sentence on the handgun count to run concurrently with the 20 year sentences imposed on the robbery counts.  Paper No. 12, Ex. 5.  The Circuit Court ordered the aggregate 20 year term to commence on October 15, 1979, and the DOC

adjusted Raynor's maximum expiration date to October 15, 1999.  *Id.*, Ex. 3.

Subsequently, on June 9, 1981, the Circuit Court for Washington County imposed sentences after Raynor was convicted of two counts of assault on a correctional officer.  *Id.*, Ex. 6.  The court imposed a sentence of "five (5) years on Count One, consecutive to any other sentence [Raynor] may now be serving or be obligated to serve, and for a period of three (3) years on Count two, consecutive to the sentence on Count One, and consecutive to any other sentence he may now be serving or be obligated to serve."  *Id.*

The DOC applied this aggregate eight year sentence consecutive to the 20 year aggregate term imposed in February 1980 and determined that the maximum expiration date on Raynor's term of confinement is October 15, 2007.  *Id.*, Ex. 3.

On August 13, 1992, Raynor was paroled. On January 22, 1997, however, the Maryland Parole Commission ("MPC") issued a warrant for parole violation. Raynor was returned to DOC custody on March 24, 1997.  On May 30, 1997, the MPC revoked Raynor's parole and awarded him 1,239 days credit for time between parole release and revocation.  *Id.*, Ex. 7.  Raynor's maximum expiration date was adjusted by the DOC from October 15, 2007, to January 2, 2009, to reflect the addition of the 445 days street time the MPC declined to credit.

On December 5, 2000, Raynor was released on mandatory supervision based on an award of 2,950 days in diminution credits.  *Id.*  On December 9, 2001, however, the MPC issued a warrant for Raynor's arrest because it had reason to believe he had violated the conditions of his release. Paper No. 12, Ex. 9.  On March 5, 2004, Raynor was returned to DOC custody.  The MPC revoked Raynor's mandatory supervision release on April 8, 2004, granted him credit for the 573 days between his mandatory release and revocation, and rescinded 1,400 days of the previously allowed diminution credits.  *Id.*, Ex. 10.  The DOC added the days out of custody (613) that were not allowed

by the MPC to the previous maximum expiration date of January 2, 2009, resulting in a maximum expiration date of September 7, 2010. *Id*., Ex. 3.

The DOC released Raynor again on mandatory supervision on October 13, 2005, based upon the application of 1,790 accrued diminution of confinement credits to his September 7, 2010, maximum expiration date. *Id*., Ex. 11. On January 24, 2007, the MPC issued a warrant for Raynor's arrest upon belief he had violated the conditions of his release. *Id*., Ex. 12. On September 5, 2007, Raynor was returned to custody. The MPC revoked Raynor's mandatory supervision on October 11, 2007. *Id*., Ex. 13. The MPC granted Raynor no credit for time between release and revocation and rescinded all of the previously allowed diminution of confinement credits. The DOC added the 692 days out of custody that were disallowed by the MPC to the previous maximum expiration date of September 7, 2010, resulting in a maximum expiration date of July 30, 2012. When the newly earned total of 219 diminution credits is added to the maximum expiration date, Raynor has an anticipated mandatory supervision release date of December 24, 2011, as of February 28, 2009. *Id*., Ex. 3.

According to respondents, Raynor has thrice raised the issue of the legality of the calculation of his sentences in state court habeas corpus petitions in the Washington and Anne Arundel County Circuit Courts. *Id*., Exs. 15-18. Habeas corpus relief was denied in all cases.

Raynor alleges that the DOC has failed to properly structure his state sentences under Maryland law. Alleged errors of state law do not provide a basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, "federal habeas corpus relief is unavailable where a petitioner alleges the state court incorrectly or inadequately applied state law." *Roach v. Angelone,* 176 F.3d 210, 216 (4 Cir. 1999). Raynor's contention that the sentence on his

1981 convictions do not comport with Maryland Code Ann., Art. 27 § 11E is not cognizable under

this court's federal habeas corpus jurisdiction.

Further, while Raynor raises an *ex post facto* claim, the allegation is made in a conclusory

manner and without factual support.  "[T]he constitutional prohibition on *ex post facto* laws applies

only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*,

497 U.S. 37, 41 (1990).   In *California Dep't of Corrections v. Morales,* 514 U.S. 499 (1995), the

Supreme Court held that the focus of the *ex post facto* inquiry is not on whether a legislative change

produces some ambiguous sort of "disadvantage," nor…on whether an amendment affects a

prisoner's "opportunity to take advantage of provisions for early release," but on whether any such

change alters the definition of criminal conduct or increases the penalty by which a crime is

punishable. *Id.* at 506 n. 3 (citation omitted).   Raynor fails to articulate what changes made under

Maryland law have been applied to his case and have acted to increase his sentences.[2]

For the foregoing reasons, Raynor's Motion for Summary Judgment shall be denied and

the Petition shall be dismissed and denied.   A separate Order follows.


 Date: September 4, 2009                                     _/s/_____
                                                            Andre M. Davis
                                                            United States District Judge

---

[2]Were the court to review the merits of Raynor's claim, it would find no impropriety in the
calculation and structure of the sentences imposed in 1981.